UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

OCTAVIA CRAFT,

   Plaintiff,

v.

CASE NO.:

CREDIT ACCEPTANCE CORPORATION,

   Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, Octavia Craft, by and through the undersigned counsel, and sues Defendant, Credit Acceptance Corporation, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**INTRODUCTION**

1. The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings

presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Shelby County, Tennessee. Accordingly, venue is appropriate with this Court under 28 U.S.C.

§1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Tennessee, residing in Shelby County, Tennessee.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant is a corporation with its principal place of business located at 25505 W. 12 Mile Road, Southfield, Michigan 48034-1846, and which conducts business in the State of Tennessee at 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

11. Defendant called Plaintiff approximately six hundred (600) times in an attempt to collect on an automobile loan.

12. Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiff will testify that she knew it was an auto-dialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and that she received pre-recorded messages from Defendant.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (901) ***-4168 and was the called party and recipient of Defendant's calls.

14. Defendant placed an exorbitant number of automated calls to Plaintiff's cellular telephone number (901) ***-4168 in an attempt to collect on an auto loan.

15. The auto-dialer calls from Defendant were initiated from phone numbers including but not limited to: 734-521-2063, 517-861-2084, and 810-272-5123, and when those numbers are called a pre-recorded voice or agent answers and identifies the number as belonging to Defendant.

16. On several occasions over the last four (4) years, Plaintiff instructed Defendant's agent(s) to stop calling her cellular telephone. Specifically, in or about late November of 2016, Plaintiff told Defendant's agent "do not call me about this matter." Plaintiff went on to advise Defendant to stop calling her cellular telephone number multiple more times throughout 2017.

17. Defendant willfully and/or knowingly harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to four (4) times a day, with such frequency as can reasonably be expected to harass, all in an effort related to collection of the subject account.

18. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

19. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular

telephone in this case, with no way for the consumer, or Defendant, to remove the number.

20. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

21. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

22. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

23. Defendant has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

24. Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's cellular telephone number removed from Defendant's call list.

25. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

26. Not one of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

27. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

28. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

29. From each and every call without express consent placed by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular telephone by unwelcome calls, making the cellular telephone unavailable for legitimate callers or outgoing calls while the cellular telephone was ringing from call.

30. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the cellular telephone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

31. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the cellular telephone and deal with missed call notifications and call logs that reflected the

unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

32. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

33. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone where a voice message was left which occupied space in Plaintiff's cellular telephone or network.

34. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular telephone and her cellular telephone services.

35. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, embarrassment, and aggravation.

## COUNT I
### (Violation of the TCPA)

36. Plaintiff fully incorporates and re-alleges paragraphs one (1) through thirty-five (35) as if fully set forth herein.

37. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop.

38. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or

artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Credit Acceptance Corporation for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

    Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
BPR #: 035859
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
mbradford@forthepeople.com
*Counsel for Plaintiff*